Reed H. Olmstead, CA Bar # 269525
LAW OFFICES OF REED H. OLMSTEAD
5266 Hollister Avenue, Suite 224
Santa Barbara, CA 93111
Telephone: (805) 963-9111
Facsimile: (805) 963-2209
reed@olmstead.law

Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>Joan Ann Rosales,<br><br>Debtor. | Case No. 9:18-bk-10213-DS<br><br>Chapter 13<br><br>**DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE**<br><br>[NO HEARING REQUESTED] |

TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:

Joan Ann Rosales (the "Debtor") hereby moves the Court to dismiss her recently converted chapter 7 case on the grounds that it should not have been converted, but rather dismissed, as follows:

**I.    Facts**

1.    On February 15, 2018 (the "Petition Date"), the Debtor filed this case originally under chapter 13.

///

DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE - 1

2.      Her Chapter 13 Plan required monthly plan payments of $450.  This payment amount was based on both her Schedule I and J and her "Chapter 13 Statement of Your Currently Monthly Income and Calculation of Commitment Period."

3.      In late June 2018, she was seriously injured while riding a horse.  She suffered an "orbital floor blowout," which is essentially a broken eye socket.  This injury included structural damage to her eye socket and required a trip to the emergency room and follow up medical procedures.

4.      The Debtor was unable to work for some time and fell behind on her plan payments. She then determined that a chapter 13 would not be feasible for her, as the plan payments had always been a struggle to make.

5.      On October 19, 2018, the Debtor filed her motion to convert this case to one under chapter 7, which was approved by the court on October 22, 2018.

6.      Although disclosed on her Statement of Related Cases, both the Debtor and her counsel overlooked the fact that she had received a chapter 7 discharge in 2013, and that she is not eligible to receive a discharge in a case under chapter 7.

7.      The Debtor does not own any non-exempt assets, nor has she engaged in any transactions that could be avoidable by a chapter 7 trustee under 11 U.S.C. §§ 547, 548, or 549.

8.      Therefore, continuing with this case under chapter 7 would be of no benefit to the Debtor or the bankruptcy estate.

9.      The Office of the United States Trustee agrees that dismissal of this case is appropriate.

## II.    Argument

Pursuant to 11 U.S.C. § 707(a), the court may dismiss a case under this chapter after notice and a hearing and only for cause.  Here, this case was converted to chapter 7 when a dismissal of the chapter 13 case would have been more appropriate.  The Debtor will not receive a discharge in this case and it is almost certain that it would end up being a "no asset" case.  Therefore, proceeding under chapter 7 will not benefit the Debtor or the bankruptcy estate.  Also, it would also be an administrative burden on the chapter 7 trustee.  Therefore, dismissal is in the best interest of all

interested parties.

## III.    CONCLUSION

Accordingly, the Debtor respectfully requests that the Court enter an order dismissing this chapter 7 case, and for any other relief that it appropriate under the circumstances.

Dated: November 2, 2018            Law Offices of Reed H. Olmstead

/s/ Reed H. Olmstead

Reed H. Olmstead,
Attorneys for Debtor

1

### DECLARATION JOAN ANN ROSALES

2      I, Joan Ann Rosales, declare as follows,

3      1.      I am the debtor in the captioned bankruptcy case.  If called as a witness, I could and

4  would testify competently to the matters contained herein from my personal knowledge or from

5  information communicated to me in the ordinary course of business.

6      2.      On February 15, 2018, I filed this case originally under chapter 13.

7      3.      My Chapter 13 Plan required monthly plan payments of $450.  This payment amount

8  was based on both my Schedule I and J and my "Chapter 13 Statement of Your Currently Monthly

9  Income and Calculation of Commitment Period."

10      4.      In late June 2018, I was seriously injured while riding a horse.  I suffered an "orbital

11  floor blowout," which is essentially a broken eye socket.  This injury included structural damage to

12  my eye socket and required a trip to the emergency room and follow up medical procedures.

13      5.      I was unable to work for some time and fell behind on my plan payments.  I then

14  determined that a chapter 13 would not be feasible for me, as the payments had always been a

15  struggle to make.

16      6.      On October 19, 2018, I filed my motion to convert this case to one under chapter 7,

17  which was approved by the court on October 22, 2018.

18      7.      Although disclosed on my Statement of Related Cases, both my counsel and I

19  overlooked the fact that I had received a chapter 7 discharge in 2013, and that I am not eligible to

20  receive a discharge in a case under chapter 7.

21      8.      I do not own any non-exempt assets, nor have I engaged in any transactions that

22  could be avoidable by a chapter 7 trustee under 11 U.S.C. §§ 547, 548, or 549.

23      9.      Therefore, continuing with this case under chapter 7 would be of no benefit to me or

24  the bankruptcy estate.

25  ///

26  ///

27  ///

28

1        I declare under penalty of perjury under the laws of the United States of America that the

2 foregoing declaration is true correct and that this declaration was executed this 2nd day of November

3 2018, in Santa Barbara, California.

4                         _____

5                     Joan Ann Rosales

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE - 5

1

## DECLARATION OF REED H. OLMSTEAD

2  I, Reed H. Olmstead, declare as follows:

3  1.  I am a member in good standing of the State Bar of California, admitted to practice

4 in this Court, and am the owner and principal attorney of the Law Offices of Reed H. Olmstead. If

5 called as a witness, I could and would testify competently to the matters contained herein from my

6 personal knowledge or from information communicated to me in the ordinary course of business.

7  2.  After this case was converted to chapter 7, I was contacted by an Analyst with the

8 Office of the United States Trustee regarding the conversion.  Based on the Debtor's ineligibility to

9 receive a discharge in this case, both the Office of the United States Trustee and the Debtor

10 determined that it is appropriate to dismiss this case.

11  I declare under penalty of perjury under the laws of the United States that the foregoing is

12 true and correct. Executed on this 2nd day of November 2018, at Santa Barbara, California.

13
        /s/ Reed H. Olmstead

14        Reed H. Olmstead

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE - 6

| In re: | CHAPTER: **7** |
|---|---|
| **Joan Ann Rosales** <br><br> Debtor(s). | CASE NUMBER: **9:18-bk-10213-DS** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**5266 Hollister Ave, Ste 224**
**Santa Barbara, CA 93111**

A true and correct copy of the foregoing document entitled (*specify*): ___**Debtor's Motion to Dismiss Chapter 7 Case**___ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On __**November 2, 2018**__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeremy W. Faith (TR) Trustee@MarguliesFaithlaw.com,
C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Reed H Olmstead reed@olmstead.law, olmstead.ecf@gmail.com;r41602@notify.bestcase.com
Valerie Smith claims@recoverycorp.com
United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On ____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November  2, 2018 | Reed H. Olmstead | /s/ Reed H. Olmstead |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*                                                                                                        **9013-3.1.PROOF.SERVICE**